OF THE STATE OF ARKANSAS. 47

TERM, 1861]            Reed and wife et al. vs. Ryburn et al.

## REED AND WIFE ET. AL. VS. RYBURN ET. AL.

Unless there be fraud in the final settlement of a guardian's account—made upon the report of an auditor, and in which all parties seemed to acquiesce—there is no reason to disturb the adjudication of the probate court.

Where a bill in equity setting up a claim against the estate of a deceased person, is sworn to by the next friend of one of the complainants, who is a minor, it is a sufficient authentication.

Guardians should be held to account strictly and faithfully for the trust funds that come into their hands; and no compensation should be allowed them where they have neglected their duties, mismanaged the property of their wards, and perpetrated positive wrong and injustice towards them.

*Appeal from Hempstead Circuit Court in Chancery.*

Hon. SHELTON WATSON, Circuit Judge.

GARLAND, for the appellants.

HEMPSTEAD and WATKINS & GALLAGHER, for appellees.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

Although this case is much burdened by the number and complication of its facts, it calls for no extended notice from us, but simply for the application of the principle, that guardians should faithfully account for their trust funds. Nor do the facts alleged in the bill make a case different from the mass of cases that are the subjects of complaint against guardians. It is the common story of the dissipation of the substance of infants by those whose duty and engagements are, and whose desire and efforts should be, to accumulate and preserve it when possible, and when necessary to expend it, to do so within a line of economical, legal and appropriate expenditure.

48      CASES IN THE SUPREME COURT

Reed and wife et al. vs. Ryburn et al.     [JANUARY

We do not feel disposed to entertain any question tending to enlarge the responsibilities of Bankhead beyond the foundation of the report of Jett, to whom Bankhead's single account of guardianship was referred. To that account, all parties, Bankhead, Harris, the intervenor for the Dupree infants, and the probate court, seemed to acquiesce. As far as we can judge from such examination as we have been able to bestow upon it, we perceive no reason to disturb the adjudication of the probate court thereon, as we see no fraud that would justify an interference with the action of the court, or the opening of the account. It must be remembered for Bankhead, that he was guardian less than two years, that the funds which came to his hands were such as could be saved from the wreck of the estate, or gathered from the personal assets of Harris, the administrator of Dupree, who married the mother of the Dupree children, and who, as surviving partner and administrator of Dupree, absorbed the greater part of the estate; and that Bankhead's guardianship was closed, not as it might have been if a final settlement in the regular course of business had been allowed, but upon an order of the probate court requiring him to give further security. This is no shield from responsibility, although urged as an excuse for a less satisfactory statement of his trust, when it was closed, than might otherwise have been expected.

If the circuit court of Hempstead county sitting in chancery dismissed the bill against Bankhead and against Pryor, as his security, because the bill was the presentation of a demand against the estate of Bankhead, and was not properly authenticated, we do not approve of its action. The plaintiffs in the bill, are Reed and his wife, in right of the latter, and Thomas C. Dupree, a minor, by Elijah Ferguson, his next friend. If the bill had been prosecuted alone by the minor, a proper affidavit of the next friend to the bill would have been sufficient, for we could not hold that the minor was too young to sue for himself, and too old to allow his next friend to swear to his bill. The claim made by the bill is a joint claim in favor of the minor and his sister, Mrs. Reed, and the affidavit of one of the joint

claimants satisfies the demand of our statute, as construed in *Ashley vs. Gunton,* 15 *Ark.,* 422.

But taking Jett's account as the measure of Bankhead's liability up to its date, the master of this court, to whom the case has been referred, to ascertain the subsequent obligation of Bankhead, has reported that the assets, which he turned over to the probate court of Hempstead county, upon the expiration of his guardianship, relieve him from responsibility as guardian, taking into account that he was entitled to some compensation for his services. With this conclusion, we are satisfied, as it agrees with the impressions derived from our own examination of the record, and we accordingly, upon the merits of the case, affirm the decree of the court below in dismissing the bill against Pryor as the personal representative of Bankhead, and against him individually, on account of his having been Bankhead's security for the guardianship.

With regard to Ryburn's guardianship of the Dupree heirs, which, unlike Bankhead's guardianship, was never settled in the probate court, but little need be said, as its results are to be gathered from a statement of his accounts, which has been made under the direction of this court, by its clerk as master. The result of this statement is, that upon the 1st of July, 1850, Ryburn was indebted to Arabella J. Dupree and Thomas C. Dupree, in the sum of two thousand nine hundred and forty-seven 83-100 dollars, which, with interest at six per cent. per annum, amounts on this 1st of March, 1861, to four thousand eight hundred and thirty-four 44-100 dollars; leaving due to Stephenson C. Reed and Arabella his wife, in right of the latter, two thousand four hundred and seventeen 22-100, and the same sum to Thomas C. Dupree. This we approve with the exception of the allowance made by the master to Ryburn, of five hundred dollars for his commissions. The master allowed the sum solely because it was in the report of Williams, the master in the court below, and was not excepted to by the Dupree heirs, and against his own judgment of what was due to Ryburn.

4

Commissions are allowed to a guardian for the performance of duties imposed upon him by law; but, for neglect of those duties, for mismanagement of the property of his wards, for the perpetration of positive wrong and injustice, the law does not award compensation; and therefore Ryburn cannot lessen the portions of Arabella Reed and Thomas O. Dupree, already lamentably diminished, by an appropriation to himself of any amount under the head of commissions. With this correction, the report of the master is confirmed; and the decree of the court below being reversed so far, a decree is to be entered up here against Ryburn, and Trigg, his security, in conformity with this opinion.

The negroes that are on hand will be partitioned between Arabella J. Reed and Thomas O. Dupree, with any arrears of hire, and for this purpose this case is remanded to the Circuit Court of Hempstead county, sitting in chancery.