## HOWCOTT V. KILBOURN.

1. **AGENCY:** *Declarations of agent as proof of.*
   The declarations of a husband as to his agency in transacting business for his wife, are not sufficient evidence of his authority to act for her.

2. **LEX LOCI:** *Contracts.*
   Matters bearing upon the execution, the interpretation and validity of a contract, are to be determined by the law of the place where it is made.

3. **MOTION FOR NEW TRIAL:** *Assignment of errors.*
   The assignment in the motion for new trial, that "the judgment of the court · is contrary to law," is too general to question in this court the correctness of the declarations of law made by the Circuit Court.

APPEAL from *Chicot* Circuit Court.
Hon. J. M. BRADLEY, Circuit Judge.

*D. H. Reynolds* for appellant.

COCKRILL, C. J. Howcott brought suit against the appellee on a note signed "L. A. Kilbourn, pr W. I. Kilbourn." There was an answer of *non est factum*, and the issue was as to W. I. Kilbourn's authority to execute the note. No attempt was made to show express authority for that purpose, but W. I. and L. A. Kilbourn were husband and wife, and the testimony tended to show that the wife was in business for herself, as planter and merchant, in Louisiana, and that the husband transacted most of the business. Mrs. Kilbourn bought supplies from the plaintiffs for her plantation and store; and her husband, to settle the account, signed her name to the note sued on. He stated, at the time, that he had full authority to make the settlement and execute the note. The court, by consent, tried the case without a jury, and declared the fact

to be that W. I. Kilbourn acted without authority in executing the note in his wife's name, and gave judgment for the appellee.

It may be admitted for the purpose of this appeal that the proof shows that Mrs. Kilbourn was a sole trader, within the meaning of the statute, and that proof of coverture could not avail her as a defense; for even if she could be held bound for her contracts in an action at law, we can not disturb the finding of the court on the question of the husband's want of authority to bind her.

1. AGENCY: The fact that W. I. Kilbourn was the husband of the
Proof of. defendant in the suit, did not dispense with the necessity of proving his authority to act as agent in the conduct of her business, or make his statements about his authority to act proof of that fact. *2 Whart. Ev., sec. 1214.*

His declaration could not be heard to prove the agency (*Flynn v. State, 43 Ark.*), and, aside from what he said about it, the proof is shadowy. It was not sufficient to satisfy the circuit judge, whom the parties elected to put in the place of a jury, either of a general or special agency. It was clearly insufficient to sustain the plaintiff's case, when we consider the bearing of the Louisiana statute on the subject. The parties all resided in Louisiana, and the note was purely a Louisiana contract. The question, then, whether there has been a contract made that is binding on the appellee, is to be governed by the law of that State.

2. LEX The appellee proved on the trial by the introduction of
LOCI:
Contracts. the Civil Code of Louisiana, that a mandate to execute a promissory note for another in that State, must be "express and special." By a long line of decisions in that State, it is established that the authority to execute a promissory note for another cannot be implied from a power of general agency unless the execution of the note is absolutely necessary to carry out the purpose of the agent's appointment. The words "express" and "spe-

cial" are said to be used in the statute in contradistinction
to "implied" and "general." *Nalle v. Higginbotham, 21
La. An., 477; Robertson v. Levy, 19 Ib., 327; Decongé v.
Forgay, 15 Ib., 37; Nugent v. Hickey, 2 Ib., 358.*

Matters bearing upon the execution, the interpretation
and validity of a contract, are to be determined by the law
of the place where it is made. This is true as to the for-
mal making of the contract. *Wharton Confl. Laws, secs.
401, 419; Story Confl. Laws, secs. 242 a, 267.*

If it be admitted that the proof shows that W. I. Kil-
bourn was the general manager of the appellee's business,
it cannot be implied from that, under the Louisiana law,
that he was authorized to execute a note for her, in settle-
ment of an account due a commission merchant with
whom she was no longer doing business.

It would serve no useful purpose to consider the decla-
rations of law made by the court, as there could not in
any event have been a judgment for the appellant. The
motion for a new trial does not assign error as to any
declaration of law by the court, but alleges merely in this
connection that "the judgment is contrary to law." This
assignment is too general under the decisions of this court
to raise the question of the correctness of the declarations
of law made by the Circuit Court. *Ferguson v. Ehrenberg,
39 Ark., 420, and cases cited.*

3. MOTION FOR NEW TRIAL: Assignment of errors.

We take it that it was intended to mean only that the
finding of facts was inconsistent with the declarations of
law. The appellant can take nothing by that in this case.

It is insisted that the court erred in refusing to continue
the case for the appellant. The continuance was asked
in order to enable the appellant to procure the attendance
of one Weis as a witness. The petition states that the
facts to be proved by him could not be *fully* established by
any one else. The particular facts that could not be other-

wise established were not pointed out, and we are unable to determine whether they are material or not. The evidence the appellant wished to procure as to W. I. Kilbourn's agency would have been cumulative only of the testimony adduced at the trial for that purpose, and this was the question at issue. We cannot say that the court abused its discretion in refusing to continue the case.

Let the judgment be affirmed.