## INDEPENDENCE COUNTY *v.* TOMLINSON.

### Opinion delivered February 7, 1910.

1. APPEAL AND ERROR—NECESSITY OF MOTION FOR NEW TRIAL.—A motion for new trial is as necessary in trials by the court as in trials by jury, even though the case is tried upon an agreed statement of facts, unless the errors complained of appear from the record itself, without a bill of exceptions. (Page 382.)

2. SAME—WAIVER OF MOTION FOR NEW TRIAL.—Where the errors complained of do not appear upon the judgment record, the necessity of a motion for new trial can not be waived by the appellees. (Page 383.)

Appeal from Independence Circuit Court; *Charles Cottin,* Judge; affirmed.

*Oldfield & Cole,* for appellant.

*Samuel M. Casey,* for appellee.

No motion for new trial was filed, nor was there any bill of exceptions. There is nothing before this court for review. 27 Ark. 37; 26 *Id.* 537; *Ib.* 464; 46 *Id.* 17; 64 *Id.* 483; 70 *Id.* 418.

HART, J. The only question involved in this appeal is the liability of Independence County for fees and costs in a case before a justice of the peace. Appellee Tomlinson was a justice of the peace. He and the other appellees presented to the county court a claim for fees and costs in a criminal case in his court. The claim was disallowed, and an appeal was taken to the circuit court, where the case was tried upon an agreed statement of facts. The circuit court found for the claimants, and the appellant, Independence County, has appealed to this court. No motion for a new trial was made in the court below.

"A motion for a new trial is as necessary in trials by the court as in those by a jury, and as well where the facts are agreed on as where they are proved by witnesses; but it is not necessary at all when the errors complained of do not grow out of the evidence or instructions, but appear from the record itself, without the intervention of a bill of exceptions." *Smith* v. *Hollis,* 46 Ark. 17, and cases cited.

In the present case the errors complained of do not appear from the record itself. Hence there is nothing presented by the record for our review. This is conceded by counsel for both sides; and they attempt to overcome it by entering into a stipulation waiving a motion for a new trial and a bill of exceptions and joining in a request for us to decide certain questions which they have agreed were involved in the trial of the cause in the court below. We regret that we can not accede to their request. As early as 1853, in the case of *State Bank* v. *Conway*, 13 Ark. 344, this court said:

"But it is to be understood that if a party merely excepts to the finding of the court or jury setting out the testimony, without any motion for new trial and without any exception whereby he shall put his finger upon the alleged error of law as to any ruling or decision of the court below, there is no case presented for the consideration of this court. Such a practice, if allowed to extend itself, would break down the efficiency and dignity of the circuit courts, and they would become in effect so many commissioners to certify evidence up to this court in any given cause for revision." This rule has been steadily adhered to ever since.

The judgment will therefore be affirmed.