## LANDRUM *v.* LINDSEY.

### Opinion delivered June 29, 1914.

1. CONFLICT OF LAWS—DEBT CREATED IN ANOTHER STATE—ENFORCEMENT.— Where a contract entered into in Missouri is void under the laws of that State, it can not be enforced in Arkansas.

2. SALES—SALE ON CREDIT.—Where goods were sold by appellant to appellee's intestate, and a running account kept, for a number of years, goods being charged to deceased, and payments credited thereon, the sales will be held to have been made on credit.

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; affirmed.

#### STATEMENT BY THE COURT.

This is an action by appellant against the appellee, administrator of the estate of August Peterson, deceased, to collect a claim for the balance due on account for intoxicating liquors sold to his intestate.

Appellant, a licensed retail liquor dealer and dram shop keeper at Poplar Bluff, Mo., sold liquors to August Peterson, appellee's intestate, who resided at Corning, Arkansas, upon orders sent by Peterson to Poplar Bluff by mail, telegraph and telephone. The liquors were shipped on receipt of the orders, by express and delivered to Peterson at Corning between the dates of October 16, 1905, and July, 1910. An account was kept of shipments by appellant and credit given for all payments

made.   Peterson died in January, 1911, and appellee was
appointed administrator of his estate.   Appellant pre-
sented a claim of balance due of $178.50 on account for
liquors sold to the intestate, which was disallowed, and
on trial in the probate court decided against appellant,
and likewise on appeal to the circuit court.   The an-
swer in the probate court set up that the liquor was sold
in violation of the law and the Missouri statute, making
all sales on credit void.

*F. G. Taylor,* for appellant.

There is no proof that the sales made were for cash
or credit.   The rule is general that where there is no
provision for credit, the presumption will be that the sale
is made for cash.   35 Cyc. 325; 104 Me. 62, 71 Atl. 69;
106 Mass. 422; 59 Minn. 144; 33 Minn. 111; 58 Vt. 455.

*J. S. Jordan,* for appellee.

The Missouri statute making sales by dramshop
keepers on credit, void, and the debt thereby attempted
to be created not recoverable at law, is valid and consti-
tutional, and not objectionable as interfering with inter-
state commerce.   72 Ia. 223.

The validity or invalidity of a contract made valid
or invalid by statute, must be determined by such stat-
ute.   9 Cyc. 666 (5); 27 Md. 420; 97 Am. Dec. 641.

The parties to the contract in question will, in the
absence of proof to the contrary, be held to have intended
that it should be construed according to the laws of Mis-
souri, where the sale was consummated.   9 Cyc. 667, and
cases cited.

KIRBY, J., (after stating the facts).   The statute of
Missouri, relied upon in defense of the suit, Revised
Statutes of 1909, § 7189, is as follows:

"No dramshop keeper shall keep such shop at more
than one place at the same time, nor shall the license of a
dramshop keeper be assignable or transferable; and all
sales made by him on credit are declared void, and of no
effect, and the debt thereby attempted to be created shall
not be recoverable at law."

(1-2)   The sales were made at Poplar Bluff, Missouri, where the orders for the liquor were accepted and the shipments made, and under the laws of that State all sales made by a dramshop keeper on a credit are declared void and the debt attempted to be created by the sale not recoverable at law.   The contract being void in the State where made is void everywhere, and the seller can not maintain an action for the balance claimed to be due in this State where the goods were finally received. 23 Cyc. 335-337; *Howcott* v. *Kilbourn*, 44 Ark. 213.   It is not contended that the sales were not made in Missouri, but only that they were not sales on credit and that they were made in interstate commerce, which can not be regulated by a statute.   Unquestionably the sales were made upon credit for a running account was kept, showing the transactions for about five years, liquors being charged to the deceased and the amounts paid by him credited thereon.   If they had been sales for cash there could have been no debt created, and if it was the intention of the liquor dealer to sell for cash, it could make no difference in the result, since the liquors were charged upon account and the payments therefor credited thereon. There is no question of attempted regulation of nor interference with interstate commerce in this case.

The judgment is affirmed.