STACY v. EDWARDS.

Opinion delivered January 21, 1929.

*Giles Dearing,* for appellant.

*J. Brinkerhoff* and *M. P. Watkins,* for appellee.

HUMPHREYS, J. There is a direct and cross-appeal in this case from a specific finding and judgment rendered in accordance therewith in the circuit court of Cross County, by the trial court, to the effect that, in a final settlement, appellant, as guardian, was indebted to his ward, the appellee, in the sum of $2,001.23. This sum was the balance struck in the statement of account between them by the trial court, after hearing the testimony adduced at the *de novo* trial of the cause in said court, on appeal from the probate court of said county. The trial court's statement of account is as follows:

"W. W. Stacy should be charged with the following amount:

| | | |
|---|---:|---:|
| Paid on Turnbow estate voluntarily | $11,315.77 | |
| Amount collected through chancery court | 5,264.21 | |
| Total | 16,579.98 | |
| Plaintiff is entitled to one-third of this amount | 5,526.66 | |
| W. W. Stacy should be charged from Dave Turnbow estate | 3,307.88 | |
| And with United States warrant | 117.45 | |
| Total | 3,425.34 | |
| Plaintiff is entitled to one-fifth this amount | 685.06 | |
| With which the guardian should be charged, and which amount brought forward | 35.36 | |
| | 6,247.08 | |
| Guardian is entitled to credit of $4,783.17 | | |
| From which will be deducted an item of board for said minor | 197.50 | |
| | 4,585.67 | 4,585.67 |
| | | 1,661.41 |

Six per cent. interest on $1,661.41 for a period
of four years, or $99.66 per year...................... 398.64

2,060.05

Credit due guardian for error of $274.10 at first
charged against him in item of Dave Turn-
bow estate, and this credit is one-fifth of
the error, $274.10............................................................ 58.82

Balance due ward..............................................................$2,001.23

Appellant contends on the direct appeal that the
judgment should be modified by deducting therefrom one-
sixth of $940, expenses allowed by the chancery court
in a partition suit of the lands inherited by appellee and
the other five heirs from their father, W. N. Turnbow,
deceased; $398.64 interest for four years on $1,661.40;
one-fifth of $411.56 erroneously charged against him in
the Dave Turnbow estate; the item of $197.50 disallowed
appellant for boarding appellee in his home during her
minority and until her marriage, after she became of
age; and a reasonable sum as compensation for his ser-
vices as guardian.

In order to better understand the statement of
account between them by the court and the contention
of appellant for a modification of the judgment and of
appellee for a larger judgment, it will be necessary to
set forth the salient facts in the case.

In 1916 appellant was appointed administrator of
the estate of W. N. Turnbow, who died seized and
possessed of a large amount of real estate and the owner
of some personal property, leaving six children as his
only heirs, three of whom, including appellee, were
minors. At the same time appellant was appointed
guardian for the three minors. On February 1, 1919,
during the minority of the three heirs, he filed his first
and only account current until he filed his final settle-
ment on the 4th day of April, 1927. His first account
current showed a balance due his wards of $35.36. The
first account current was approved by the probate court,

and no appeal was ever taken from the judgment of approval. Appellee attained her majority on the 24th day of October, 1920. Early in the year 1920 one of the adult heirs brought suit in the chancery court to partition the real estate of which the heir's father died seized and possessed, and made the other five heirs parties thereto. The minor heirs had a homestead interest in the real estate, which was appraised at $2,500. The lands sold at the partition sale for $25,500, leaving a net balance, after deducting the value of the homestead rights of the three minors, of $23,000, to be divided between the six heirs equally, after the costs of $940, including an attorney's fee of $500, should be deducted therefrom. ............................Denton, the purchaser at the partition sale, executed interest-bearing notes to the guardian to cover the entire interest of his three wards, for $13,000, when in point of fact he should have executed a note for $14,000 to him. Their homestead interest amounted to $2,500 and their one-half interest in the balance of $23,000 amounted to $11,500. The two items added together make $14,000. The guardian seems to have paid the entire amount, including attorney's fee, amounting to $940, to the commissioners. This he should not have done, as it was the duty of the adult heirs to pay one-half of the amount. The appellee herein was only liable for one-sixth of the total amount of the costs, according to the partition decree. As we understand the record, the guardian, appellant here, claims that the judgment should be modified by deducting therefrom one-sixth of the cost item. The trial court refused to allow him any credit on account of the cost item. The guardian collected from Denton the following amounts on the following dates: January 12, 1921, $400; April 8, 1921, $300; October 15, 1921, $1,000; December 15, 1921, $1,000; January 3, 1922, $1,000; March 28, 1922, $1,000; July 12, 1922, $1,000; October 11, 1922, $2,000; October 16, 1922, $1,000; and on April 26, 1923, $1,000; making in all $11,315.70 received by him voluntarily from Denton, which the trial court charged to him in the statement. Denton stopped

paying, and the guardian was compelled to bring a fore-
closure suit to collect the balance due on the note,
amounting, when paid, including interest, to $5,264.21,
after paying the costs and attorney's fee, which amount
the trial court charged to him in the settlement. In the
statement made by the court appellee was allowed
$5,526.66, being her one-third interest therein. The trial
court also charged the guardian $3,425.34 which appel-
lee and the other heirs inherited from their brother, Dave
Turnbow, who died intestate during the month of Feb-
ruary, 1924. Appellant was appointed administrator of
Dave Turnbow's estate, and administered upon it. In
the statement made by the court, appellee was allowed
$685.06 of said amount, being her one-fifth interest in
the Dave Turnbow estate; but later in the statement he
was allowed a credit against appellee of $58.82, being
one-fifth of an overcharge of $274.10 made against him
on account of the Dave Turnbow estate. In the state-
ment made by the court the guardian was allowed
$4,783.17 for amounts he claimed to have paid appellee,
after deducting therefrom a charge he made against her
to the amount of $197.50 for board. According to the
debits and credits contained in the statement made by
the court, he found that the guardian, appellant here,
was indebted to appellee in the sum of $1,661.41 four
years before the final account current was adjudicated,
upon which he charged the guardian interest in the total
sum of $398.64. Appellee testified that she did not re-
ceive the entire amount of money her guardian claimed
to have paid her. The dates on which he made all the
payments, if she received them, are in doubt. Testimony
was introduced tending to show that appellee was entitled
to a much larger sum than this for interest.

After a careful reading of the record we have con-
cluded that every debit and credit in the statement of
the account by the trial court is sustained by substantial
evidence, unless it be the court's failure to charge ap-
pellant with one-sixth of the additional $1,000 which ap-
pellant should have collected from Denton, the purchaser

at the partition sale, and to credit him with one-sixth of the $940 item adjudged as costs in said partition suit. The interest charged was very reasonable, considering the period of time over which the account spread and the uncertainty as to the amount appellant paid appellee. The item of board was properly disallowed. Appellee had lived with appellant as a member of his family during her minority and until she married, without any specific charge for board having been made against her, and we think it was too late to include a charge for board seven years after she attained her majority. If he expected to make a charge for board, he should have filed an annual account current and charged her with board by and with the approval of the probate court. The testimony reflects that during the time she lived in appellant's home she performed the same services any other member of the family would have performed. Appellant was allowed a credit of $58.82 by reason of an overcharge made against him of $274.10 on account of the Dave Turnbow estate. In the state of the record we are unable to say that appellant was entitled to a credit by any greater amount on account of this item. The trial court should have allowed appellant one-sixth of the $940 item adjudged as costs in the partition suit, as he justly paid out that amount on behalf of appellee, but at the same time the court should have charged him with one-sixth of $1,000 which he failed to collect from the purchaser at the partition sale. When these two items are considered together the difference is too small to interfere with the finding and judgment of the court, especially in view of the fact that the court only charged him with $398.64 interest and the further fact that the court did not allow him compensation for his services. Appellant claims that he should have been allowed a reasonable compensation for his services. Had he filed an annual account current he would have been entitled to a fee, but, having been derelict in this respect, the court properly refused to allow a fee for his services.

Appellee argues that she is entitled to a much larger judgment than was allowed her by the court, but the motion filed by her for a new trial failed to point out specifically any error the court made in the statement of the account. The motion for a new trial was upon the ground that the verdict was contrary to the law and the evidence. It was necessary for her to file a motion for a new trial in support of her cross-appeal. *St. L. S. W. Ry. Co.* v. *Alverson,* 168 Ark. 666, 271 S. W. 27. The motion filed by appellant raised the question only of whether the verdict and judgment were sustained by sufficient evidence, or, in other words, whether it was supported by substantial evidence. *Bowen* v. *Cook,* 14 Ark. 202; *Howcott* v. *Kilbourn,* 44 Ark. 213; *White* v. *Beal & Fletcher Gro. Co.,* 65 Ark. 278, 45 S. W. 1060; *Naylor* v. *McNair,* 92 Ark. 345, 122 S. W. 662.

It cannot be said, according to the undisputed evidence, that the court erred in his finding and judgment.

No error appearing, the judgment is affirmed.