HOLMES *v*. METROPOLITAN LIFE INSURANCE COMPANY.

4-2903

Opinion delivered April 10, 1933.

390

*Sam T. Poe, Tom Poe* and *Donald Poe,* for appellant.

*Moore, Gray & Burrow,* for appellee.

JOHNSON, C. J., (after stating the facts). We think the trial court erred in giving to the jury appellee's instruction No. 1, which is copied in the statement of facts.

This instruction told the jury that: "even though you may find from a preponderance of the evidence that the plaintiff is partially disabled, and even though you find that he has lost his eye entirely, and that by reason thereof his efficiency in the prosecution of any work or the pursuit of any occupation for which he may be fitted by training and experience is thereby impaired, nevertheless it does not follow from this that such partial disability entitles him to recover on the $2,000 certificate and its accompanying group policy, etc."

The effect of this instruction was to tell the jury that the loss of appellant's left eye was only a partial disability. This was one of the controverted issues in the case. It was a question for the jury to determine whether or not the loss of an eye constituted total and permanent or partial disability.

Section 23, article 7, of the Constitution of this State provides: "Judges shall not charge juries with regard to matters of fact, but shall declare the law, and in jury trials shall reduce their charge or instructions to writing on request of either party."

The instruction given by the trial court and heretofore quoted was in violation of this constitutional mandate. It told the jury that the loss of an eye was partial disability, when this was a question of fact for the jury to determine.

If the loss of appellant's left eye, or the impairment of the vision of his right eye, or the loss or impairment of any one of the other physical defects complained of by him, either singly or all concurringly, produced or effected a total and permanent disability, he would be entitled to recover. It was therefore reversible error to single out the loss of an eye and tell the jury that this was only a partial disability.

Furthermore, this instruction is erroneous for the reason that it emphasizes to the jury the fact that the loss of an eye is only partial disability under the clauses of the policies sued on, instead of submitting the loss of an eye with all other physical defects for consideration and determination of the jury.

In a long line of decisions by this court it has been held: "It is not the province of the court to instruct the jury upon the effect or weight of evidence. It is the exclusive province of the jury to judge of the strength or weakness of all facts adduced to sustain an issue." *Keith* v. *State,* 49 Ark. 439, 5 S. W. 880, and cases therein cited.

It is insisted on behalf of appellee that subsequent clauses in instruction No. 1 cured and made harmless the defect complained of in said instruction. To this we cannot agree. It was impossible for the jury to harmonize the different phrases in said instruction.

Since this case must be reversed and remanded for the error herein pointed out, we deem it unnecessary to discuss other alleged errors because it is probable that they will not occur on a retrial of the case.

For the error indicated, this case is reversed and remanded to the Pulaski County Circuit Court for a new trial in accordance with law.

SMITH and MCHANEY, JJ., dissent.