PRUDENTIAL INSURANCE COMPANY OF AMERICA *v.* LANE.

4-3430

Opinion delivered April 2, 1934.

8

10

*J. Loyd Shouse* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*V. D. Willis* and *Shinn & Henley,* for appellee.

KIRBY, J., (after stating the facts). It is not questioned that the certificates were issued under the group policies to appellant and were both in force at the time he sustained the injury which necessitated the amputation of his left leg below the knee. The accidental dis-

memberment policy provided that the loss of one foot, the severance at or above the ankle, should entitle the insured to $500, and appellee presented a claim under this certificate soon after the accident, and the same was paid by the company.

Subsequently, appellee presented a claim under the certificate which provided benefits in the event of total and permanent disability. The appellant denied the claim because it did not consider the insured totally and permanently disabled within the meaning of the provisions of the policy hereinabove set out.

The policy by its terms did not provide occupational insurance, or that the insurer would become liable if the insured became unable to perform the duties of his occupation of brakeman; but provided that insured, to be entitled to recover under said certificate, must show that he "is unable to perform any work for any kind of compensation of financial value during the remainder of his lifetime."

There is no doubt about the injury suffered by the insured being permanent; and appellant's only insistence is that the testimony is insufficient to support the allegation that said injury is total. It will suffice to say, however, that the instructions given by the court are not complained of here, and were in accordance with the doctrines of this court as announced in *Industrial Mutual Indemnity Co.* v. *Hawkins,* 94 Ark. 417, 127 S. W. 457; *Ætna Life Ins. Co.* v. *Phifer,* 160 Ark. 98, 254 S. W. 335; *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310; and *Mutual Benefit Health & Accident Ass'n* v. *Bird,* 185 Ark. 445, 47 S. W. (2d) 812.

Insured testified that he was 47 years of age; that his leg was amputated about 9 inches below the knee joint; that he was unable to perform any kind of work for gain or profit; that he had railroaded all his life and had no knowledge of any other vocation nor sufficient education or training to follow any profession.

It is true the disability or injury suffered by the insured did not constitute of itself a total and permanent disability within the express provisions of the policy, but

said policy also provides: "If any person insured under this policy shall become totally and permanently disabled, either physically or mentally, from any cause whatsoever, etc., * * * the company, upon receipt of due proof of such disability, will grant the following benefits:" Said policy also recognizes certain injuries to be permanent and total disabilities.

The jury had the insured before it, saw his condition and necessarily knew somewhat about the question of his disability from its own information and experience acquired through association with its fellowmen; and under our Constitution it was exclusively within the jury's province to determine the question under the circumstances of this case. Having done so, and there being material testimony to support its verdict, the judgment thereon will not be disturbed. Affirmed.

SMITH, McHANEY and BUTLER, JJ., dissent.