UNITED STATES FIDELITY & GUARANTY COMPANY

*v.* COUGHLAN.

4-3521

Opinion delivered July 2, 1934.

*William M. Hall* and *Hill, Fitzhugh & Brizzolara,* for appellant.

*George F. Youmans* and *George W. Dodd,* for appellee Horan.

*Joseph R. Brown, James B. McDonough* and *Robert M. Zeppenfeld,* for appellee Coughlan.

BUTLER, J. This is the second appeal of this case on the merits. In the decree first rendered by the court, it assumed jurisdiction of an action to surcharge and falsify the settlement of John H. Vaughan, executor, but held that it had no jurisdiction to surcharge and falsify the accounts of John H. Vaughan as guardian of Mrs. Edmondson or of Mrs. Frances A. Vaughan (now Sabine), executrix and guardian in succession, on the ground that these settlements were pending and undisposed of in

the probate court. This court, with some modification, affirmed that part of the decree affecting the settlement of John H. Vaughan and reversed the remainder with direction to the court "to proceed without remanding the cause to the probate court to adjudge and settle the accounts of Mrs. Vaughan's own administration." On remand, the evidence taken in the first proceeding was considered with but little additional evidence being offered.

The salient facts developed from the evidence are stated in *U. S. F. & G. Co.* v. *Edmondson*, 187 Ark. 257, 59 S. W. (2d) 488, and no further additional facts need be stated except that on remand it developed that Mrs. Edmondson had died during the proceedings and the branch of the case affecting her proceeded under the name of Mary E. Coughlan, a sister of Mrs. Edmondson, and the execututrix and sole beneficiary under the last will and testament of Mrs. Edmondson. This will had been duly probated and was introduced in evidence in the court below. There was some additional evidence relating to certain repairs on the property of the Edmondson estate which appeared as credits claimed in the settlements. This testimony was merely cumulative of testimony taken at the first proceeding, and was to the effect that the repairs were necessary to preserve the property and that the charges therefor were reasonable.

On consideration of all of the evidence adduced explanatory of the items of debit and credit on the settlement and a restatement of the same as made by the master, the court found that the Vaughans should be charged with further sums, denied certain credit items claimed, found the balance due by the Vaughans on their respective accounts as executors and guardians, and that the U. S. F. & G. Company, their surety, was liable therefor.

This decree did not wholly satisfy any of the parties interested, namely, Dr. P. F. Horan, residuary legatee, Mrs. Mary E. Coughlan, beneficiary under the will of Mrs. Edmondson, and U. S. F. & G. Company, surety on the bonds of John H. and Frances A. Vaughan, and each excepted to certain findings of the court below and have prosecuted their several appeals.

There are four accounts affected in this proceeding: that of John H. Vaughan as executor, of the said Vaughan as guardian, and the two accounts of Mrs. Vaughan in the same capacities. Among other items of credit disallowed was the sum of $2,898.97, commissions of John H. Vaughan as executor. The court reduced this claim to the sum of $988.88 for which credit was allowed. On this item the appellant U. S. F. & G. Company contends that the sum claimed was allowed by the probate court and construes our decision cited *supra* as conclusive of the correctness of the item as claimed. Without discussing in detail the various items of commission and expense claimed or setting out the order of the probate court, we do not think that a fair construction of said order sustains the contention made, nor does our decision in the former appeal conclude the trial court from determining the proper amount to be allowed, as in that respect the judgment of the probate court made no definite finding of the exact amount due as commissions. We are also of the opinion that, when all the circumstances of the case are considered, the trial court reached a just conclusion, and that the compensation allowed was reasonable for the services performed.

The court allowed Mrs. Vaughan 10 per cent. of the net income of the estate while administered by her as fees for her services as executrix, and disallowed both the credits claimed in the accounts of John·H. Vaughan and Mrs. Vaughan as commission for services as guardian.

It is contended that the credits claimed as executrix fees were those allowed by law, and that the court erred in fixing any less sum. The case of *Tiner* v. *Christian*, 27 Ark. 306, is cited as authority for this position. In this case, however, Mrs. Vaughan was administratrix with the will annexed which fixed her compensation at "ten per cent. of the income of the estate," by which expression "net income" was meant. *James* v. *Echols*, 183 Ark. 826, 39 S. W. (2d) 290. Any additional sum was discretionary under the terms of the will with the court to "make allowance of such amount as will compensate my said trustee for executing this trust." Under the evidence the court

was justified in finding that the ten per cent. allowed by the will was ample compensation for the duties performed by Mrs. Vaughan.

On the question of allowances of compensation as guardian, this court has held: "Commissions are allowed to a guardian for the performance of duties imposed by law; but for neglect of those duties, for mismanagement of the property * * * the law does not award compensation." *Reed* v. *Ryburn*, 23 Ark. 47. See also *Stacy* v. *Edwards*, 178 Ark. 911, 12 S. W. (2d) 901. The court found that neither John H. Vaughan nor Frances A. Vaughan is entitled to commission as guardian for the reason that the affairs of the guardianship were grossly mismanaged by both of them. This finding of fact appears to have been sustained by the evidence, and therefore, under the authority cited, the court properly refused them compensation.

Appellant, Mary E. Coughlan, complains of the action of the court in charging the item of inheritance tax to the account of Mrs. Vaughan as guardian, the effect of which was to make such tax payable out of the half of the estate taken by Mrs. Edmondson as her dower and relieving that portion acquired by the residuary legatee. Under the provision of § 10,217, Crawford & Moses' Digest, estates of dower are subject to the payment of this tax, whereas property held for charitable uses is exempt from its payment, and the evidence establishes the estate of the residuary legatee was held for such uses. The court did not err in the particular claimed.

The remaining exceptions to the findings and decree of the court depend entirely on disputed questions of fact. It would serve no useful purpose to review the accounts and the testimony relating to the findings challenged, since we find that the conclusion reached by the court below is not against the preponderance of the evidence.

On the whole, it appears that the trial court has endeavored to do substantial justice to all of the parties in interest, and, as no reversible error appears, the decree is affirmed.