BELLOTT *v.* HARRIS.

4-3812

Opinion delivered April 1, 1935.

*Coulter &.Coulter,* for appellant.
*I. W. Stennett,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment of the circuit court of Union County, Second Division, sustaining certain exceptions to appellant's first and final account as curator of the estate of his ward, Alfred Flenniken. He was appointed curator in succession to Robbie Lively and received from her on February 2, 1932, the sum of $5,105.79 in cash, and thereafter collected $440.90 as royalties, making an aggregate amount received of $5,546.78 belonging to said ward. Having failed to file his annual report, he was cited by the probate court to appear on the 2d day of August, 1933, to show cause why he had not done so. He ignored the citation and was again cited to appear on the 27th day of December, 1933. On the 8th day of January, 1934, he appeared and requested, and was granted, an extension of ten days to file his account. On the 18th day of January, 1934, having failed to file his account, appellee herein was appointed curator in succession for said minor on said date. Appel-

lant filed his report on the............day of February, 1934, to which exceptions were filed by appellee.

On appeal to and trial *de novo* in the circuit court, items representing claims for alleged amounts advanced to said minor for support and maintenance not supported by vouchers were disallowed. Two loans in the total sum of $2,385.14, alleged to have been made out of the minor's funds were also disallowed on the ground that they were not authorized to be made by the probate court. A claim for $600 commissions for administering the estate was also disallowed.

The circuit court restated the first and final account filed by appellant by surcharging the account with the items disallowed, which resulted in a finding and judgment against appellant in the aggregate amount of $5,429.84.

The first question arising on the appeal is whether the trial court erred in surcharging the account with $1,638.08, covering items claimed to have been advanced by appellant for the support and maintenance of his ward, for which he held no vouchers or receipts. The testimony touching these items was in conflict, and there is substantial evidence in the record sustaining the finding of the court; hence the finding cannot be disturbed by this court on appeal. *Warren* v. *Nix*, 97 Ark. 374, 135 S. W. 896.

The next question arising on this appeal is whether the trial court erred in surcharging the account with unauthorized loans in the sum of $2,385.94. It is undisputed that these loans were made without authority of the probate court, and it does not appear from the record whether the notes and mortgages were taken in the name of appellee as curator. They were not introduced in evidence, and there is no testimony in the record that they are worth face value, or that their face value can be realized. Section 5067 of Crawford & Moses' Digest is as follows:

"No guardian shall be personally responsible for any money belonging to his ward and loaned out by him, under the directions of the court, and on security which

may have been approved by the court, in case of inability of the person to whom such money may have been loaned or his security to pay the same.''

In the case of *Parker* v. *Wilson*, 98 Ark. 553, 136 S. W. 981, after quoting said § 5067 set out above, this court said: ''Where a guardian loans the ward's money without first obtaining an order of the court authorizing him to make the loan, he assumes the responsibility.'' See also *United States Veterans' Bureau* v. *Riddle*, 186 Ark. 1071, 52 S. W. (2d) 826.

Under the evidence in this case, there can be no question that the trial court properly surcharged the account with the amount of the two loans. It goes without saying that appellant may collect these two loans for his own benefit.

The next and last question arising on this appeal is whether or not the trial court was correct in disallowing the item of $600 claimed by appellant for administering the estate. This court said in the case of *Reed* v. *Rayburn*, 23 Ark. 47, that: ''Guardians should be held to account strictly and faithfully for the trust funds that come into their hands; and no compensation should be allowed them where they have neglected their duties, mismanaged the property of their wards, perpetrated positive wrongs and injuries towards them.''

In the instant case, appellant failed and refused to file his annual settlements, and did not do so until after he had been cited the second time to show cause why the settlement had not been filed. Later he was discharged, and appellee was appointed his successor, and, in order to get an adjustment of the matter, was compelled to file exceptions to almost every item in the account and to prosecute this case from the probate court to the highest court in the State before obtaining a judgment for the amount due the minor by appellant. We think the court was clearly right in denying appellant any fees or commissions for thus administering the estate of his ward.

No error appearing, the judgment is affirmed.