ÆTNA LIFE INSURANCE COMPANY v. MARTIN.

4-4306

Opinion delivered June 15, 1936.

*Owens & Ehrman,* for appellant.

*J. B. Milham* and *C. T. Cotham,* for appellee.

JOHNSON, C. J. In 1926, appellant, Ætna Life Insurance Company, issued to appellee, A. V. Martin, its policy of life and disability insurance whereby appellee was indemnified against death in the sum of $25,000 and against total and permanent disability in the sum of $250 per month during disability; indemnity for total disability was conditioned, however, upon accrual prior to the insured's attaining 60 years of age.

In 1935, appellee instituted this suit against appellant in the Saline Circuit Court and therein alleged that he became totally and permanently disabled within the purview of the contract of indemnity on or about January 15, 1930, and prior to attaining 60 years of age and at a time when the contract was in full force and effect. The prayer was for $2,000 as principal, attorney's fees and costs.

By answer, appellant admitted the execution of the contract and that it was in force and effect on January 15, 1930, but denied that appellee became totally and permanently disabled on January 15, 1930, or that he became totally and permanently disabled prior to attaining 60 years of age.

Upon trial to a jury, a verdict and consequent judgment was entered in favor of appellee for $500 indemnity.

By this appeal appellant seeks reversal, and by cross-appeal appellee seeks modification because of insufficient relief.

The only issue presented on direct appeal is stated by appellant to be "whether or not there was sufficient

evidence to submit to the jury on the question of the alleged total and permanent disability of appellee.'' Consideration of the contention urged makes it necessary to review the testimony adduced at the trial. That upon behalf of appellee was to the effect that appellee was first advised by physicians, in 1929, that he was suffering from diabetes, and was thereupon put upon a rigid diet and directed to take insulin treatments daily. These directions have been consistently followed by appellee up to the time of the trial. Appellee was also advised by his attending physician that he should not undertake continuation of his previous activities as a contractor and that his physical effort should be restricted to mere supervision and direction. Prior to 1930, appellee had performed, not only supervision and direction of his contracting work, but had made a regular hand in the execution of his business, working from 12 to 15 hours daily; subsequent to his contracting diabetes he has been unable to give but little attention to his business. That appellee's business, due to his neglect, under the circumstances, had greatly depreciated in value, etc. Appellee attained his 60th birthday June 5, 1930, and his disability accrued prior to that time and has continued up to the trial.

The testimony in behalf of appellant was to the effect that appellee had prosecuted his contracting business with all the diligence and vigor subsequent to 1929 and 1930 that he had employed prior thereto, and a mass of testimony was adduced so indicating. It was also shown that appellee had engaged in the banking business subsequent to the time he claimed to have become totally and permanently disabled. Also, that a person suffering from diabetes might pursue his vocation without serious impairment under normal circumstances. The above is a very brief summation of the testimony adduced by the parties, but will suffice to show the general trend of the positions taken by them.

The law which obtains in this State in reference to total and permanent disability under contracts of indemnity similar to the one under review has been repeatedly stated by us to be: disability exists when the insured is able to accomplish only some of the duties

essential to the prosecution of his business; or when he is able to do only occasional acts or is unable to do any substantial portion of the work connected with his vocation, this is sufficient to establish total and permanent disability. *Ætna Life Ins. Co.* v. *Person*, 188 Ark. 864, 67 S. W. (2d) 1007, and cases therein cited.

The rule stated another way is that total and permanent disability is such as renders the insured unable to perform the substantial and material acts of his vocation in the usual and customary way. *Travelers Protective Ass'n* v. *Stephens*, 185 Ark. 660, 49 S. W. (2d) 364, and cases therein cited.

The uncontradicted testimony in this record reflects that in 1929, at a time when the contract of indemnity was in full force and effect and at a time prior to appellee's attaining 60 years of age, he contracted diabetes which is admittedly a dangerous and incurable disease and may be held in check only by use of insulin, the observance of strict diet, and refraining from over-exertion.

This inquiry, therefore, narrows to a determination of whether we shall declare as a matter of law that one suffering from a pronounced case of diabetes is not totally and permanently disabled. The victim of diabetes holds the key to his continued life. If he follows diet instructions consistently, if he submits his person to insulin inoculation as may be necessary or required, and if he refrains from over-exertion he may live out his life expectancy; but deviation from these requirements means immediate death. Indeed, a reasonably prudent person could hardly be found at fault by strictly observing necessary requirements which have the purpose and effect of prolonging his life, and when observance of necessary requirements results in cessation of performance of the material duties of his vocation, under the law, it means total and permanent disability.

In recent cases and under analogous circumstances we have declined to declare as a matter of law that certain physical defects were partial and not total and permanent. In *Ætna Life Insurance Company* v. *Sanders*, *ante* p. 590, 93 S. W. (2d) 141, we refused to declare that an insured was required to undergo a minor operation to

relieve himself from total and permanent disability. In *Holmes* v. *Metropolitan Life Ins. Co.,* 187 Ark. 388, 60 S. W. (2d) 557, we held that the loss of one eye when viewed in the light of attending facts and circumstances presented a jury question of total and permanent disability. See, also, *Business Men's Assurance Co.* v. *Selvidge,* 187 Ark. 1040, 63 S. W. (2d) 640; *New York Life Ins. Co.* v. *Farrell,* 187 Ark. 984, 63 S. W. (2d) 520.

Whether the loss of a leg under attendant facts and circumstances constituted total and permanent disability was held to be a jury question in *Prudential Insurance Co.* v. *Lane,* 189 Ark. 7, 70 S. W. (2d) 43. See, also, *Jefferson Standard Life Ins. Co.* v. *Slaughter,* 190 Ark. 402, 79 S. W. (2d) 58.

Even so in the instant case, it is and should be a question of fact for the ascertainment by the tryers of fact, whether one suffering from diabetes is able to perform substantially all the material duties of his vocation. But appellant urges that the Person case, *supra,* is authority opposing this view. We do not so consider it. Person was suffering from an arrested case of tuberculosis. Its effect was, under the attendant facts and circumstances, to partially disable, only. In the instant case, however, such is not the undisputed facts. We are of the opinion and so hold that under all the facts and circumstances of this record it was a question of fact for the jury's consideration whether appellee was totally and permanently disabled prior to June 5, 1930, and that their finding that he was is supported by substantial testimony.

On cross-appeal but little need be said. Appellee failed to file a motion for a new trial, which is the only method of preserving error for review arising from the testimony in law actions. *Stacy* v. *Edwards,* 178 Ark. 911, 12 S. W. (2d) 901.

No error appearing, the judgment is affirmed on appeal and cross-appeal.