SPECIAL SCHOOL DISTRICT No. 5 *v.* SPECIAL SCHOOL DISTRICT No. 3.

4-8710                                    216 S. W. 2d 882

Opinion delivered January 31, 1949.

*J. J. McCaleb* and *W. D. Murphy, Jr.,* for appellant.

*Chas. F. Cole,* for appellee.

GEORGE ROSE SMITH, J.   School districts numbered 62, 67 and 85, of Independence County, were consolidated

in the fall of 1946. Dissatisfaction arose among the patrons of the consolidated district. In November, 1947, they voted to dissolve the district and to divide its territory into two new districts, appellant embracing the area of District No. 67 and appellee the area of the other two. This reorganization was effective December 5, 1947.

This controversy concerns the distribution of the consolidated district's assets and the assumption of its liabilities. The County Board of Education entered its order of allocation, but on appeal the circuit court modified the Board's order as to the three items now in dispute. An appeal and cross appeal bring the case to us.

I. The principal disagreement involves the division of moneys on hand on December 5, 1947. The Board directed that these funds be apportioned according to the ratio of the assessed value of real estate in each new district. The court below traced the income and expenditures during the life of the consolidated district on the basis of its component territories and divided the money accordingly. This method gave the larger share to appellee, because more than the total income attributable to appellant's territory had been used by the consolidated district to repair buildings within appellant's boundaries.

The Board's order must be sustained unless it is arbitrary and unreasonable. *Priest* v. *Moore,* 183 Ark. 999, 39 S. W. 2d 710. Inasmuch as § 11516 of Pope's Digest compels division according to assessed values when part of a district is annexed, we cannot say that the use of this formula is unreasonable in this closely related situation. Too, the effect of the trial court's tracing of funds is to disregard the consolidation altogether, treating the subsequent separation of appellant and appellee as in the nature of an annulment rather than a mere divorce. The directors of the consolidated district had the discretionary power to use its money to repair whatever buildings they chose, and the subsequent dissolution of the district should not have the effect of undoing their lawful action. The patrons of the three original districts must be taken to have chanced such a concentration of repairs when they voted for consolidation.

516

II. The consolidated district bought a school bus which was tentatively assigned to appellant upon the dissolution. It developed that appellant did not need the bus, which was then sold at a loss. The Board apportioned this loss on the basis of the State transportation aid received by each district. The circuit court charged the whole loss to appellant, because appellee had offered to buy the bus and later had to buy a new vehicle. But it is undisputed that when this offer and purchase were made, a boundary dispute was pending between the districts which prevented appellant from knowing definitely whether it would need the bus. Hence its refusal of the offer was not an abuse of its directors' discretion. The loss having been due to depreciation sustained in the use of the vehicle by the consolidated district, the Board's allocation was not unreasonable or arbitrary.

III. The final item is a small sum charged by the trial court against appellee to discharge a debt owed by the consolidated district to one of its bus drivers. On the face of the record the charge is not erroneous, and we may not consider the testimony because appellee is not shown to have filed a motion for new trial. *Aetna Life Ins. Co.* v. *Martin*, 192 Ark. 860, 96 S. W. 2d 327. While appellant does not press this point, the failure to file such a motion cannot be waived. *Independence County* v. *Tomlinson*, 93 Ark. 382, 125 S. W. 423.

Upon the appeal the judgment is reversed with directions to reinstate the County Board's order; upon the cross appeal the judgment is affirmed.