INDUSTRIAL MUTUAL INDEMNITY COMPANY *v.* HAWKINS.

Opinion delivered April 4, 1910.

1.  CONTRACTS—CONSTRUCTION.—In construing a contract the true object is to arrive at the intention of the parties, to be ascertained by considering the object and purpose of the parties in making the agreement.  (Page 419.)

2.  INSURANCE—CONSTRUCTION OF INDEMNITY POLICY.—A contract of indemnity insurance will be construed most strongly against the insurer, and a construction will not be adopted which will defeat a recovery if it is susceptible of a meaning that will permit one.  (Page 420.)

3.  INSURANCE—INDEMNITY POLICY—TOTAL DISABILITY.—Under a policy of insurance obligating the insurer to make certain weekly payments if the insured should be wholly disabled and prevented "from the prosecution of any and every kind of business for a period of not less than one week," the insured is entitled to receive indemnity when he is so injured that he is wholly prevented from prosecuting any business in which he is capable of engaging.  (Page 420.)

Appeal from Pulaski Circuit Court, Second Division; *James H. Stevenson,* Judge; affirmed.

*Carmichael, Brooks & Powers,* for appellant.

The liability of the defendant is determined from the language of the contract. 46 Ia 631. The provisions may limit total disability to the inability to carry on any and all kinds of business. Under such clause the insured must be unable to

carry on, not only the duties of his usual occupation, but the duties of any other occupation. 79 Ill. App. 145; 46 Ia. 631; 25 Tex. Civ. App. 366; Joyce on Ins., § 3032; Bacon, Ben. Soc., § 395a.

*Whipple & Whipple,* for appellee.

Wherever any contract contravenes any established interest of society, it is void, as being against public policy. 22 Cal. 340; 61 Mo. 115. The courts will not tolerate a contract which is calculated to be prejudicial to the public welfare. 63 Ark. 318. An absolute physical disability ought not to be meant in all cases. Joyce on Ins., § 3031; 97 S. W. 240; 54 Mo. App. 468; 69 Minn. 14 . The contract should receive a reasonable construction. 80 Me. 249; 86 S. W. 492; 111 Mo. App. 504.

FRAUENTHAL, J. This was an action instituted upon a policy of insurance to recover indemnity for the time that plaintiff was unable to prosecute any business by reason of an injury received by him. On March 4, 1907, the defendant issued its indemnity policy of insurance, whereby it agreed that if the plaintiff received an injury "which shall, independently of all other causes, immediately and wholly disable and prevent the insured from the prosecution of any and every kind of business for a period of not less than one week," it would make certain weekly payments to him during the continuance of such disability. The plaintiff was a day laborer, and on September 3, 1908, when the policy was in full force, he was injured while engaged in tearing up old machinery at the shops of the St. Louis, Iron Mountain & Southern Railway Company. The testimony on the part of the plaintiff tended to prove that the injury consisted of a contusion and abrasion of the right knee, and that he was wholly incapacitated and disabled by reason thereof from work of any and every kind from the date of the injury until October 5, 1908. The testimony also tended to prove that his disability did not render him so helpless that he could not have done some other kind of business if he had been possessed of the mental capacity. The evidence showed that plaintiff was uneducated, and was not capable of earning a livelihood in any other work or business except by manual labor.

The sole question involved in the case for determination

is whether or not, under the above provision of the policy, the plaintiff was injured to such an extent as to entitle him to a recovery. Upon that question the court instructed the jury that the plaintiff would be entitled to recover:

"If you believe from the evidence in the case that the plaintiff sustained an injury which of itself wholly disabled and prevented him from doing any and every kind of work pertaining to his occupation, or within the scope of his ability, for a period of over one week. * * * If, on the other hand, you find from the evidence that the plaintiff's injury was not such as to wholly disable and prevent him from doing any and every kind of work pertaining to his occupation, within the scope of his ability, for a period of over one week, your verdict will be for the defendant."

And the court refused to instruct the jury at the request of defendant as follows:

"The jury is instructed that, unless they find from the evidence that the injury sustained by the plaintiff was such as to wholly disable and prevent the plaintiff from the prosecution of any and every kind of business, you will find for the defendant."

A verdict was returned in favor of plaintiff, and defendant has appealed to this court.

The right of the plaintiff to recover in this case depends upon the interpretation of the language of the contract describing the extent of the disability under which he must suffer from the injury, and what would constitute a total disability, within the meaning of the policy. In the construction of all contracts the true object is to arrive at the intention of the parties; and in order to do that it is necessary to take into consideration the purpose of the parties in making the agreement. In construing such a provision as is involved in this policy that meaning should be given to the language which will be consistent with the fair import of the words used, having reference to the object and purpose of the parties in making the contract. The contract sued on is like any other insurance policy, and its provisions should therefore be construed most strongly against the insurer. As the language employed is that of the defendant, a construction will not be adopted which will defeat a recovery if it is susceptible of a meaning that will permit one. *American*

*Bonding Co.* v. *Morrow,* 80 Ark. 49; *Title Guaranty & Surety Co.* v. *Bank of Fulton,* 89 Ark. 471.

The general object of such contracts as the one involved in this case is to furnish to the insured an indemnity for the loss of time by reason of the injury which prevents him from prose-cuting business. Its evident purpose is to secure him means of living during the time that he is unable to earn a livelihood. The language employed in this provision of the policy is for the purpose of defining what will constitute a total disability to earn a livelihood. Mr. Kerr in his work on Insurance, § § 385, 386, defines a total disability within the meaning of this character of policy of indemnity insurance as follows: "Total disability does not mean absolute physical disability on the part of the insured to transact any kind of business pertaining to his occu-pation. Total disability exists, although the insured is able to perform occasional acts, if he is unable to do any substantial portion of the work connected with his occupation. It is suffi-cient to prove that the injury wholly disabled him from the doing of all the substantial and material acts necessary to be done in the prosecution of his business, or that his injuries were of such a character and degree that common care and prudence required him to desist from his labor so long as was reasonably necessary to effect a speedy cure." 4 Joyce on Insurance, § 3031.

Total disability is necessarily a relative matter, and must depend chiefly on the peculiar circumstances of each case. It must depend largely upon the occupation and employment and the capabilities of the person injured. In the case of *McMahon* v. *Supreme Council,* 54 Mo. App. 468, where a policy provided to give relief where the insured was "totally and permanently disabled from following his usual occupation," it was held that the total disability would occur where the party was prevented from following an occupation whereby he could obtain a liveli-hood, and that, in determining whether such a disability exists in a given case, both the mental and physical capabilities of the insured should be considered. The following cases are to the same effect: *Young* v. *Travellers' Ins. Co.,* 80 Me. 244; *Lob-dill* v. *Laboring Men's Mutual Aid Asso.,* 69 Minn. 14; *Turner* v. *Fidelity & Casualty Co.,* 38 L. R. A. 529; *Walcott* v. *United Life & Accident Ins. Assoc.* 28 N. Y. St. 481.

In the case of *Wall* v. *Continental Casualty Co.,* 86 S. W. 491, the policy provided "that the insured to become entitled to indemnity for loss of time must be disabled 'from doing or performing any work, labor, business or service or any part thereof.'" In that case the court held that if the insured was disabled to do such work as, considering his ordinary employment, qualifications for affairs and station in life, could have been expected of him he was totally disabled within the meaning of the policy and should recover. See also *Foglesong* v. *Modern Brotherhood,* 97 S. W. 240; *Hutchinson* v. *Knights of Maccabees,* 68 Hun 355; *Gordon* v. *Casualty Co.,* 54 S. W. 98. There are some cases which hold that a literal effect should be given to the language employed in such provisions of the policy, and that where the total disability is limited to doing any and all kinds of business the insured must be unable to perform not only the duties of his usual occupation, but the duties of any other occupation. *Supreme Tent of Knights of Maccabees* v. *King,* 79 Ill. App. 145; *Lyon* v. *Ry. Pass. Assur. Co.,* 46 Iowa 631. But we think the provisions of contracts similar to the one involved in this case, like the provisions in all insurance policies, should be construed most favorably toward those against whom they are meant to operate; and they should be interpreted so as to carry out the plain purpose of the agreement. That construction should be given to the language which would not make it inoperative from its very inception, but which would, if at all consistent with the words employed, make an effective undertaking. In the case at bar the total disability occurred when the insured was prevented by the injury "from the prosecution of any and every kind of business." The use of the word "prosecution" indicates that the parties intended to mean that the insured was wholly disabled from doing that business which he had the capabilities to prosecute. Otherwise he could not recover unless he sustained an injury that rendered him absolutely helpless both mentally and physically. The plaintiff was an uneducated day laborer. He had no ability to do any business of any kind except that of manual work. He could not practice law or medicine or perform the duties of a banker or bookkeeper. He did not have the ability to follow these lines of business; and yet he was not so totally disabled

that he could not follow these avocations if he had possessed the ability to do so.    It is, in effect, contended by defendant that by the terms of the contract he could theoretically, if not practically, do some kind of business, and therefore he cannot recover.    Such a construction of the contract would virtually make it ineffective for any purpose at its very execution.    Under such an interpretation the insured would scarcely, if ever, be entitled to indemnity.    But we are of opinion that it was the intention of the parties that the plaintiff should under some circumstances receive indemnity; for that protection he was making stated payments, and the defendant received such payments. It was manifestly the intention of the parties that he should receive indemnity when he was so injured that he was wholly and totally disabled and prevented from the prosecution of any business which, without the injury, he was able to do or capable to engage in; and we think that this interpretation of the contract is not inconsistent with the above provision defining the nature of the disability as contemplated by the policy.    We conclude that this is the reasonable and proper construction of the provision of the contract involved in this case.    The lower court therefore did not err in its rulings upon the instructions in this case.

The judgment is affirmed.