MISSOURI STATE LIFE INSURANCE COMPANY v. SNOW.

Opinion delivered March 7, 1932.

*Allen May* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*J. S. Utley* and *Wm. T. Hammock,* for appellee.

McHANEY, J.  Appellee holds two life insurance policies issued by appellant for $1,000 each, with like "total and permanent disability" provisions for the payment of $10 per month per $1,000 of insurance for total and permanent disability as defined in the policies.  This disability is defined as follows:

"Total and permanent disability may be due either to bodily injuries or to disease, which must occur and originate while this policy is in full force after the first premium has been paid, and must be such as to prevent the insured then and at all times thereafter from engaging in any gainful occupation.  Total disability as defined above, which exists and has existed continuously for not less than three months shall be presumed to be permanent.  At any time after approval by the company of the aforesaid proof and from time to time, but not oftener than once a year after disability has continued for two full years from the date of approval, it may demand of the insured proof of the continuance of such disability and the right to examine the person of the insured.  Upon failure to furnish such proof or if it appears that the insured has recovered so as to be able to engage in any gainful occupation, the company's obligations to pay further disability benefits shall cease and the insured shall be required to pay the premiums becoming due on this policy thereafter in accordance with the original terms hereof."

In December, 1924, appellee became disabled by reason of ankylosis of the right hip.  He filed a claim which was approved, and he was paid $20 per month to July 1, 1929, when payments were stopped because appellant

concluded that he had recovered to such an extent that he was no longer totally and permanently disabled within the above quoted provision of the policies. This suit followed to recover the present value of such monthly payments over the period of his expectancy. A recovery was had, and this appeal comes from the judgment based thereon.

The first assignment urged for a reversal is that the court erred in refusing to direct a verdict for appellant at its request. This challenges the sufficiency of the evidence to support the verdict. We think this assignment must be sustained, as we are of the opinion that the undisputed evidence shows that appellee is not totally and permanently disabled as this term is defined in these policies. There can be no question that he is partially disabled, that he has a stiff hip which seriously impairs its usefulness, that he cannot stand or walk as he once could, but it does not follow from this that his disability is covered by the policies. The total and permanent disability therein defined "must be such as to prevent the insured then and at all times thereafter from engaging in any gainful occupation." That is the hazard insured against under this clause and against no other, except that certain injuries specified "shall be considered total and permanent disability within the meaning of this provision," none of which were suffered by appellee.

By his own testimony appellee is shown to be performing the material and substantial duties of a "gainful occupation," and that his disability is not such as to prevent him from engaging therein and has not been since July 1, 1929, unless it may be said that the business of operating a country store with an average stock of $2,000 and the business of leasing and operating a 400-acre plantation near England, Arkansas, is not a "gainful occupation." Such an occupation has been regarded as "gainful" in the past, whatever might be said to the contrary in the last year or two. The proof shows that appellee does conduct the business of a country mer-

chant, with the assistance of his wife all the time or nearly all, and of his daughter a part of the time; that he drives his own automobile, purchases his goods in England and Little Rock, waits upon his customers and does all the work when his wife and daughter are out; that he is unable to do heavy lifting, but his goods are trucked to his store and delivered therein by the drivers; that in the year 1930 he farmed through tenants 80 acres of land and in 1931, 400 acres of land; that he furnishes his tenants and sharecroppers supplies, takes mortgages on their crops and other personal property, travels to Lonoke in his car to see the agent of his landlord and to record his mortgages and transact other business; and that in the farming end of his occupation he has no help from his wife, daughter or any one else. He attends to that himself. He says that he engaged in the farming business to help his store business, but that does not change the situation. It is also true that he cannot handle a plow, walk over the fields and see after his business as well as he could without the stiff hip, but he is able to drive along the turn-rows, direct the tenants as to how, when and what to do, and to give his farming business the same general care and management as do others. He was asked this question: "Q. Did you take 400 acres this year thinking you could attend to it yourself and that you would make a profit on it?" He answered: "A. I thought I could. Certainly I did." The evidence further showed that the business of the store was such as to require help in its operation, and it appears certain that, with appellee away purchasing goods, or attending to his farming business, the store could not be kept open without some assistance in the capacity of clerk.

This, in substance, is appellee's condition as testified to by himself, and we hold that it shows conclusively that he was not totally and permanently disabled from "engaging in any gainful occupation." It shows positively that he engaged in the farming business and attended to all the duties connected therewith without help, and that

he engaged in the mercantile business and attended to all the substantial and material acts connected with that business. The rule in this State is quoted from Kerr on Insurance, §§ 385 and 386, in *Industrial Mutual Indemnity Co.* v. *Hawkins,* 94 Ark. 417, 127 S. W. 457, 29 L. R. A. (N. S.) 635, 21 Ann. Cas. 1029, as follows: ''Total disability does not mean absolute physical disability on the part of the insured to transact any kind of business pertaining to his occupation. Total disability exists, although the insured is able to perform occasional acts, if he is unable to do any substantial portion of the work connected with his occupation. It is sufficient to prove that the injury wholly disabled him from the doing of all the substantial and material acts necessary to be done in the prosecution of his business, or that his injuries were of such a character and degree that common care and prudence required him to desist from his labor so long as was reasonably necessary to effect a speedy cure.''

This statement of the law has been followed many times since, the latest cases being *Ætna Life Ins. Co.* v. *Phifer,* 160 Ark. 98, 254 S. W. 335, and *Ætna Life Ins. Co.* v. *Spencer,* 182 Ark. 486, 32 S. W. (2d) 310. Of course, such a provision in a policy does not require that the insured shall be absolutely helpless or insane, but there must be such disability as renders him unable to perform all the substantial and material acts in the prosecution of a gainful occupation.

As we have already seen appellee was not so disabled. There being no question of fact to be submitted to the jury, the request for a directed verdict should have been granted.

Reversed and dismissed.