MISSOURI STATE LIFE INSURANCE COMPANY *v*. JOHNSON.

4-2591

Opinion delivered November 14, 1932.

*Allen May, W. H. Glover* and *Rose, Hemingway Cantrell & Loughborough,* for appellant.

*John L. McClellan, Sam T. Poe* and *Tom Poe,* for appellee.

HUMPHREYS, J. Appellee instituted suit against appellant in the circuit court of Hot Spring County to recover $2,000 for permanent injuries received by him in an automobile accident on a certificate of insurance issued to him by appellant under group policy G-2377, issued by appellant to the Missouri Pacific Railroad Company, protecting its employees from total disability on account of bodily injury or disease; and to recover $1,000 for the loss of an eye in the same accident on a certificate of insurance issued to him by appellant under group policy ADD-501, issued by appellant to the same railroad company, protecting its employees against accidental injuries. Appellee alleged that he was totally and permanently injured in an automobile accident on the 8th day of March, 1930, before he attained the age of sixty years, and, as a result of the accident, also lost the sight of his right eye, and prayed for judgment in the sum of $3,000 and costs, including an attorney's fee.

Appellant filed a motion to transfer the cause to the United States District Court for the Eastern District of Arkansas, alleging a diversity of citizenship, and that the amount sued for, including an attorney's fee, exceeded $3,000. This motion was denied over the objection and exception of appellant.

Appellant, reserving its objection to the jurisdiction of the court to try the cause, filed an answer denying the material allegations of the complaint.

The cause was submitted upon the pleadings and testimony, resulting in a judgment for $3,000 and costs, including an allowance of an attorney's fee in the sum of $550, from which is this appeal.

The group insurance policies were issued and delivered to the Missouri Pacific Railroad Company and remained in its possession in its general office at St. Louis. They were never in the possession of appellee nor subject to his inspection as far as the record reflects. The certificates were the only documents issued to him under the terms of the major policies. The only provision in the certificates as to either notice or proof of loss is as follows:

"Immediately upon receipt of due proof of loss, the company will pay to the employee, in full settlement of all obligations hereunder the amount set opposite such loss: * * *."

Only those protected under group policy G-2377 were eligible for protection under group policy ADD-501. Group policy ADD-501 contained the following provision relative to notice and proof of claim:

"Immediate written notice with full particulars and full name and address of insured employee shall be given by the employer to the company of any accident, injury or loss for which claim shall be made under the terms thereof. Affirmative proof of loss, on forms furnished by the company, must be furnished to the company at its home office, St. Louis, Missouri, within ninety days after the date of the loss for which claim is made."

Group policy G-2377 and the certificate issued under same provide that indemnity benefits of $2,000 shall be payable only if the insured, before attaining the age of sixty years, has become totally and permanently disabled; and group policy ADD-501 and the certificate issued under same provide that an indemnity of $1,000 shall be paid for the loss of one eye resulting from bodily injuries effected through external, violent and accidental means. independently of all other causes, * * *."

The facts, stated most favorably to appellee, are as follows:

On March 8, 1930, before appellee attained the age of sixty years, he was injured in an automobile wreck. As a result of the accident, appellee received a severe injury to his neck and spine and lost the sight of his right eye. After recovering to some extent from the injury to his neck and spine, he returned to his work on April 28, 1930, and performed the light duties connected with the character of work he was employed to do with the assistance and aid of his co-laborers until the shops closed down in December, 1930. He was unable to do the heavy work connected with his job. He did not realize the serious condition of his neck and spine until October, 1931, at which time Dr. Law, of Little Rock, made an X-ray picture of the injured parts, which revealed that his neck bones had been fractured. The picture showed that there was a compression type fracture of the bodies of the fifth and sixth cervical vertebrae; that the sixth cervical vertebra was crushed and tilted; that there was a dislocation of the cervical column; that the thoracic and dorsal vertebrae were jammed together; that the articulation between the vertebrae in the lower spine were narrowed and the bodies of the third and fourth dorsal vertebrae tilted; and that ankylosis had followed as a result of the injuries to the spine.

According to the testimony of a majority of the physicians who were witnesses in the case, appellee should never have returned to work and his neck and spine injuries permanently disabled him from performing hard manual labor. His duties required that he perform labor of that character.

Appellant contends for a reversal of the judgment upon the ground that the trial court erred in denying its petition for removal of the cause to the Federal court. It is argued that to include an attorney's fee in the amount sued for exceeds $3,000, interest and costs, and in amount makes the cause a removable one under the Federal Removal statute (28 USCA 41, 71). This court has ruled

otherwise in the case of *Mutual Life Insurance Company* v. *Marsh,* 185 Ark. 332, 47 S. W. (2d) 585. In the case referred to it was ruled that an attorney's fee in cases of this nature must be taxed as costs in compliance with the express terms of § 6155 of Crawford & Moses' Digest.

Appellant also contends for a reversal of the judgment on the ground that the undisputed testimony reflects that appellee was not totally and permanently disabled. This court has said that total disability as used in contracts of this character exists when the injury of the insured prevents him from doing all the substantial and material acts necessary to be done in the prosecution of his business, and that common care and prudence would require him, in his condition, not to do. *Industrial Mutual Insurance Company* v. *Hawkins,* 94 Ark. 417, 127 S. W. 457, 29 L. R. A. (N. S.) 635, 21 Ann. Cas. 1029; *Mutual Benefit Health & Accident Association* v. *Bird,* 185 Ark. 445, 47 S. W. (2d) 812. The testimony in the instant case tends to show that appellee should not have attempted to perform his accustomed duties in the due exercise of common care and prudence. The testimony warranted the submission of the issue of total and permanent disability of appellee to the jury.

Appellant also contends for a reversal of the judgment on the ground that appellee failed to notify appellant within a reasonable time of his total and permanent disability and loss of eye resulting from the automobile accident. It is true, as argued, that he did not notify appellant of the accident and consequent injuries for about nineteen months, but he testified that his failure was due to the fact that the major policy requiring that notice be given was not in his possession or subject to his inspection. The requirement for notice and proof of the injuries was not in the certificate delivered to him. When he obtained information that notice was required, he notified appellant. The question as to whether he gave the notice within a reasonable time was a question for the jury and not the court. The facts in this case bring it within the rule announced in the cases of *Concordia*

*Fire Insurance Company* v. *Waterford,* 145 Ark. 420, 224 S. W. 953, 13 A. L. R. 1387, and *Missouri State Life Insurance Company* v. *Barron, ante* p. 46.

Under our view of the case, the issue whether the injury received by appellee in the automobile accident resulted in permanent and total disability and the loss of his right eye, and whether he gave appellant timely notice, were questions for determination by the jury under proper instructions. We have examined the instructions and find no conflict in them, and that they correctly announced the law applicable to the facts in the case.

No error appearing, the judgment is affirmed.