EQUITABLE LIFE ASSURANCE SOCIETY v. BAGLEY.

4-3396

Opinion delivered March 5, 1934.

*W. P. Feazel* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*James S. McConnell,* for appellee.

HUMPHREYS, J. Appellee recovered judgment against appellant in the trial court for $387.90, $100 attorney's fee, and 12 per cent. statutory penalty under the total disability clause in two indemnity insurance policies issued on the 14th day of August, 1931, representing the premium payments which were made by appellee in the month of November, 1931, and the disability benefits which accrued in accordance with the terms of the policies up to and including August 19, 1933, the date of the trial, together with interest on such accrued installments.

An appeal has been duly prosecuted to this court challenging that part of the judgment allowing benefits for total disability to appellee from September 15, 1932, to the date of the trial on August 19, 1933. It is conceded that the evidence adduced on the trial was sufficient to sustain the finding and consequent judgment under the provisions of the policies that appellee was totally disabled from the date of the injury until September 15, 1932, on which date he attempted to secure re-employment. The total disability provision in the policies is as follows:

"Disability is total when it prevents the insured from engaging in any occupation for remuneration or profit."

This identical clause, as well as clauses of similar import contained in accident indemnity policies, has been construed by this court as meaning such a disability as renders the insured unable to perform the substantial and material acts of his business in the usual and customary way, and not such disability as renders him absolutely helpless. *Travelers' Protective Association of America* v. *Stevens,* 185 Ark. 660, 49 S. W. (2d) 364, and cases therein cited on the point.

Appellant's contention is that the trial court erred in finding and adjudging that appellee was totally disabled after September 15, 1932, within the meaning of said disability clause as construed by this court. The sole question presented by this appeal therefore is

whether the evidence is sufficient to support the finding and judgment of the court.

The material facts reflected by the record are, in substance, as follows:

On the date the policies were issued and at the time appellee was injured he was engaged in running a distributing station for the Magnolia Oil Company. The distribution of the company's products to farmers and retailers was by truck. The duties incident to appellee's position required a strong, able-bodied person, and, in order to obtain such a position, one had to stand and pass a satisfactory examination. Appellee received an injury in an automobile wreck on October 15, 1931, which practically destroyed the use of his left hand and arm so far as labor was concerned. On account of this injury, he was discharged by his employer on February 15, 1932, and did not seek employment until September 15, 1932. At that time he had learned to drive an automobile with one hand, but not with the same security and speed he formerly did. He was unable to secure employment in any avocation he had theretofore followed until April 12, 1933, when he was employed by a friend, Walter Westbrook, largely through sympathy, at a salary of $30 a month, to assist him in running distributing oil and gasoline station. He was unable to do many things connected with the business, such as lifting tanks of considerable weight, changing tires, covering as much territory in the solicitation of business as he formerly did, and in loading and unloading the truck. In serving the customers, he had to depend on them for assistance. If the roads were in bad condition, he did not venture out to solicit business or deliver the products. The only lifting he could do was with his right hand and with his right knee or leg. Walter Westbrook, as well as appellee himself, testified that he could not install equipment, unload tank cars, load motor oil on the truck, or deliver many of the products to the customers without aid, all of which duties were required of an oil and gasoline agent or of one in charge of a distributing station.

There is no dispute in the testimony as to the permanency of the injury, and appellee's inability to per-

form, in the usual and customary way, the hard labor incident to any avocation or occupation for which he was qualified before the injury.

The facts detailed above disclose appellee's inability after the date of the injury and until the date of the trial to perform, in the usual and customary way, the substantial and material acts of any avocation or occupation for which he was qualified. The instant case is ruled by the cases of *Ætna Life Insurance Company* v. *Phifer*, 160 Ark. 98, 254 S. W. 335, and *Mutual Life Insurance Company* v. *Marsh*, 186 Ark. 861, 56 S. W. (2d) 433.

No error appearing, the judgment is affirmed.