METROPOLITAN LIFE INSURANCE COMPANY *v.* WEATHERSBY.

4-3876

Opinion delivered May 27, 1935.

*Moore, Gray, Burrow & Chowning* and *Everett B. Gibson, Jr.,* for appellant.

*John Sherrill* and *Howard Cockrill,* for appellee.

HUMPHREYS, J. This is an appeal from a judgment against appellant in favor of appellee for $810 with six per centum interest thereon from November 17, 1934, twelve per centum penalty, and $125 for attorney's fee, in the Third Division of the Circuit Court of Pulaski County on the indemnity clause in an insurance policy against total and permanent disability of the insured as a result of bodily disease so as to prevent appellee from engaging in any occupation and performing any work for wages or profit. The interpretation placed by this court upon clauses of this character in insurance policies is that the insured is totally and permanently disabled if, on account of bodily disease, he cannot longer perform all the substantial and material acts necessary to be done in the prosecution of his business or avocation in the usual or customary way; or if the disease is of such character and degree that common care and

prudence requires him to desist from his labors. *Missouri State Life Ins. Co.* v. *Snow,* 185 Ark. 335, 47 S. W. (2d) 600; *Travelers' Protective Association* v. *Stevens,* 185 Ark. 660, 49 S. W. (2d) 364; *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 861, 56 S. W. (2d) 433; *Missouri State Life Ins. Co.* v. *Johnson,* 186 Ark. 519, 54 S. W. (2d) 407; *Guardian Life Ins. Co.* v. *Johnson,* 186 Ark. 1019, 57 S. W. (2d) 555.

In the instant case, the issue of whether appellee was totally and permanently disabled on account of disease was submitted to the jury under instructions of the court following the rule announced in the cases cited above; but appellant contends the trial court erred in submitting this issue of fact to the jury instead of instructing a verdict for it as requested because the undisputed evidence reflects that appellee is carrying on his business as a distributor of peanuts to the retail trade for his employer, Tom Huston Peanut Company, regardless of his present physical condition, with the same degree of success as when the policy was issued to him. This contention assumes that appellee procured insurance for the success of his business; whereas he procured insurance for himself against bodily disease which might prevent him from wholly performing all the substantial and material duties connected with his business or avocation or against illness of such character or degree that common prudence would require him to desist from his labors.

The business in which he was engaged was that of distribution of peanuts for Tom Huston Peanut Company in jars to the retail trade in a large territory, including Little Rock, where he lived and had his headquarters. His duties were to order the peanuts, get them from the depot when they arrived, and take and deposit them in his warehouse, reload them on trucks, and sell and deliver them to retail merchants throughout the entire territory, covering a number of counties. He employed young men to drive the trucks and assist him in selling and making deliveries, going with them frequently over the route to get new customers and to keep in touch with the old ones. He did most of his office work and

all of his banking business, and handled his warehouse in person as well as performing the other duties mentioned above. He became ill in October, 1933, with arthritis deformans, which produced ankylosis of the bone. His joints are ossified and fused together. He has a callous condition of the vertebrae. He has a 60 per cent. disability of the ankles, and a 70 per cent. disability of the knees. There is little or no flexation of the wrists, knees, or ankles, and such flexation as he has, when indulged in, gives great pain. He also has stiffness of his cervical spine and can move his head to one side or the other only by moving his whole body around. He cannot completely straighten his knees or body and can stand for only short periods of time. He is practically a physical wreck, and his physician in attendance states that he is permanently and totally disabled physically and unable to carry on his business as he formerly could. He has to lie down most of the time. It takes him an hour to dress and most generally he has to be assisted by his wife. He has his car padded in such a way that he can drive it for an hour or so during the day. He cannot get in and out and attend to any business. He takes his wife to the bank in his car, and she attends to his banking business. She assists him since his illness in checking in and out his truck drivers. He has to employ a man to haul the peanuts to the warehouse and unload them. Practically the only thing he can do in connection with his business is to supervise it with the assistance of his wife.

The evidence detailed above was sufficient to carry to the jury the issue of whether appellee was so disabled on account of illness that he could not perform all the material and substantial duties of his business. The facts as stated bring the instant case clearly within the cases of *Ætna Life Insurance Company* v. *Spencer*, 182 Ark. 496, 32 S. W. (2d) 310, and *Mutual Life Insurance Co. of New York* v. *Dowdle*, 189 Ark. 296, 71 S. W. (2d) 691, and is ruled by them.

No error appearing, the judgment is affirmed.