MONARCH LIFE INSURANCE COMPANY *v.* RIDDLE.

4-4521

Opinion delivered February 8, 1937.

*Arthur L. Adams,* for appellant.

*J. G. Waskom,* for appellee.

HUMPHREYS, J. Appellee recovered a judgment, including indemnity, statutory penalty, interest and attorneys' fees in the total sum of $1,487.24, against appellant on an indemnity insurance policy issued by it to him, in the circuit court of Poinsett county, from which is this appeal.

The clause in the policy made the basis of this suit, is as follows:

"TOTAL ACCIDENT DISABILITY

"The company will pay at the rate of $12.50 per week, not exceeding one hundred and four (104) consecutive weeks, for loss of time resulting exclusively from bodily injuries caused solely by accidental means, which injuries, except in case of drowning, bone fracture or dislocation, shall leave visible marks of contusions or wounds upon the body, and shall immediately, wholly and continuously disable the insured from transacting any and every kind of business pertaining to any occupation."

It was alleged in the complaint that appellee sustained an injury in an automobile accident on August 31, 1934, resulting in a total and permanent disability to himself within the meaning of the policy; and the defense interposed to the action was that the injury received by appellee resulted in a partial disability only.

The facts stated in the most favorable light to appellee are, in substance, as follows:

Appellee was engaged in the distribution of beer by truck in Poinsett county contained in cases and kegs or small barrels to his customers on a regular route. The cases weighed fifty pounds and the half-barrels two hundred pounds. His custom was to put the beer on his truck at the warehouse in Memphis and to carry the beer from his truck to his customer's container in person

except during the busy summer season he would employ one or two extra men to help him. He kept his own truck in repair. The only other businesses he had followed were to operate a steam shovel, repair automobiles and to do carpenter work. It took the use of both hands and arms to do either kind of business he was qualified to do. He was right-handed, and the use of his right hand and arm was destroyed as a result of the injury he received in the automobile accident, and thereafter he was unable to operate his beer business in person with the help of a man or two in the busy summer season, but could only supervise it. After he recovered sufficiently to get out of the hospital he conducted his business so far as the manual part of it was concerned with hired help entirely. In addition to other help, he had to employ a driver for his truck or trucks. He continued his business in this manner and it developed and he prospered due to the increased consumption of beer and the enlargement of his territory.

Appellant refused to settle with appellee at the rate per month specified in the policy for total disability except from the day of his injury until he began to supervise his business and because he did not settle with it, his policy was canceled. At the time he had another policy in the Providence Life & Accident Insurance Company. While superintending his business and riding in his truck with the driver he suffered an injury in another automobile accident on June 12, 1935, and filed his claim with it for total disability which was settled without suit for $130.69.

Appellant contends for a reversal of the judgment on the ground that according to the undisputed evidence he began to supervise his beer business on November 1, 1934, and that thereafter he was only partially disabled, and not protected by the provision in the policy insuring him against accidental injury resulting in total disability not exceeding one hundred four consecutive weeks.

This court has construed similar clauses in accident insurance policies to mean that an insured is totally and permanently disabled when the injury received by him

prevents him from performing all of the substantial and material acts of his business or the execution of them in the usual and customary way. *Ætna Life Insurance Company* v. *Spencer,* 182 Ark. 496, 32 S. W. (2d) 310; *Ætna Life Insurance Company* v. *Pfiefer,* 160 Ark. 98, 254 S. W. 335; *Equitable Life Assurance Society* v. *Bagley,* 188 Ark. 1009, 69 S. W. (2d) 394.

This rule was restated and applied by this court in the case of *Metropolitan Life Insurance Company* v. *Weathersby,* 190 Ark. 1050, 82 S. W. (2d) 527, to a set of facts practically similar to the facts in the instant case, in which it was held that the facts in the Weathersby case brought it within the rule. The facts related above bring the instant case within the rule. It is true, in the instant case that it appears that appellee kept his policy in the other company after appellant canceled his policy and made a settlement with it on account of an injury received in a different automobile accident under the total disability clause in said policy, but that has nothing to do with the instant case. The question in the instant case was whether the injury appellee received on August 31, 1934, totally and permanently disabled him so as to prevent him from performing all of the substantial and material acts of his business or the execution of them in the usual and customary way. The jury under correct instructions found that the injury did so. The jury was warranted in finding from the evidence that after appellee received the injury he could not drive his truck and load and unload same in person as he could before which were very material and substantial acts in conducting the distributing beer business; and that on account of the injury he could not perform the duties necessary in the operation of a steam shovel, repairing automobiles, and doing carpenter work, which were the only other occupations he had been trained to follow.

The judgment is affirmed.

SMITH, C. J., McHANEY and BAKER, JJ., dissent.