GENERAL AMERICAN LIFE INSURANCE COMPANY
*v.* CHATWELL.

4-6241                                          148 S. W. 2d 333

Opinion delivered March 10, 1941.

*Pryor & Pryor,* for appellant.

*Joseph R. Brown,* for appellee.

HUMPHREYS, J. This suit was brought January 26, 1940, by appellee against appellant in the chancery court of Sebastian county, Fort Smith district, to recover premiums he had paid after October 23, 1934, on a life insurance policy issued to him on December 5, 1927, by the Missouri State Life Insurance Co. of St. Louis, Missouri, which contained a total and permanent disability clause and which contract was assumed by appellant on September 7, 1933.

The complaint alleged, in substance, the issuance of the policy, its assumption by appellant and the disability provisions of the policy; that appellee was injured on October 23, 1934, and was entitled to disability benefits from that date in the sum of $570; that appellee did not know the policy contained a disability clause until just before application for benefits was made. As stated above, the complaint was filed in the chancery court, but a demurrer to the jurisdiction of the court was sustained, and the cause was transferred to the circuit court.

Appellant filed an answer admitting the issuance of the policy and its assumption of the contract, but denied every other material allegation in the complaint and specifically denied that appellee was totally and permanently disabled, as defined by the policy, and pleaded the provisions of the policy as a bar to recovery.

The cause was heard in the circuit court upon the pleadings, the waiver clause for the payment of premiums, the total and permanent disability clause, the testimony relating to the kind and character of injuries sustained by appellee and the instructions of the court, resulting in a verdict and consequent judgment against

appellant for $365.12 with a penalty of 12 per cent. and an allowance of $75 for attorney's fee.

The waiver clause for the payment of the premiums is as follows: "The company will also waive the payment of further premiums if the insured becomes totally and permanently disabled before age sixty, subject to all the terms and conditions on the following pages."

The clause contained in the policy defining total and permanent disability is as follows: "Disability will be deemed to be total whenever the insured is so incapacitated by bodily injury or disease as to be wholly prevented thereby from engaging in any gainful occupation whatsoever. Disability will be considered total and permanent under this contract, (a) whenever the insured will presumably be so totally disabled for life, or (b) whenever the insured has been so totally disabled for not less than three consecutive months immediately preceding the receipt of proofs thereof. The entire and irrecoverable loss of the sight of both eyes, or of the use of both hands, or of both feet, or one hand and one foot, will of themselves constitute total and permanent disability."

The main contention of appellant is that the undisputed evidence reflects that a few months after appellant received his injuries he recovered sufficiently to carry on his paint and paper business in which he was engaged when he received his injury with remuneration to himself, and that he was not wholly prevented on account of the injury from engaging in any gainful occupation whatever.

The record reflects that appellee was run over by an automobile owned by Pollock Stores Company while on the sidewalk in front of his place of business and badly injured to such an extent that he recovered a judgment in the trial court which was appealed to this court and reversed and remanded for a new trial.

Prior to appellee's injury he conducted a paint and paper business with the aid of his wife and a part-time clerk. After he got out of the hospital and off of crutches he walked with a cane, and he and his wife operated the

business for several years with the help of one full-time clerk and one part-time clerk. As a rule, appellee got down to the store early, between seven and eight o'clock, and opened it up for business. He was able to wait on customers except he could not climb up the ladder and get goods off the shelves. He could only get goods off of shelves within his reach while standing on the floor, and was unable to lift large cans of paint and turpentine and large rolls of paper and would point out that kind of materials to his customers and they would do the lifting unless one of his clerks was there to do so. He helped his wife make out orders to buy goods and helped make sales and collections for them.

His wife testified that she did most of the bookkeeping and most of the work at home and in the store on account of her husband being lame and using a cane to walk around.

Appellee failed to comply with the request to produce his books and records after being requested to do so, the purpose being to ascertain whether he made as much in his business after his injury as he did before. After running the business for several years appellee leased same to some prospective purchasers for a period of six months and during that period he did not go to the store very often, but he received out of the business $24 a week and a part of the profits and then sold the business to the lessees and retired.

The physician who attended appellee when injured and thereafter testified that appellee was permanently injured, but not totally incapacitated, and that he was not prevented from engaging in any gainful occupation. Dr. Blair, a qualified physician, testified on the behalf of the appellant to the effect that appellee was not totally disabled by the injury, but was permanently injured to the extent of 10 per cent. of the normal use of his right leg; that the motion in his leg was at the time he examined him 90 per cent. normal.

According to the substantial undisputed evidence, when stated in the most favorable light to appellee, he was partially incapacitated on account of the injury so

that he could not lift heavy cans of paint or turpentine and could not lift heavy rolls of paper, but that otherwise he was able to conduct his business with remuneration to himself.

The disability benefits under the terms of the policy was a waiver of the payment of premiums in case he should be totally and permanently injured and on that account prevented from engaging in any gainful occupation whatever. Appellee continued to pay the premiums after his injury, and the purpose of this suit was to recover them back after he received his injury on the 23rd of October, 1934. The excuse appellee gave for continuing to pay the premium and the failure to sue for those he had paid at an earlier date was that he did not discover that there was a disability clause in his policy until a short time before he brought the suit on January 26, 1940.

Although other issues were joined in the pleadings and evidence introduced responsive to said issues, it is unnecessary to set them out in the pleadings or to set the evidence out as our view is that under the undisputed evidence in the case appellee was not totally and permanently injured so that he was wholly prevented from engaging in any gainful occupation whatever. Appellee was bound by the disability clause contained in the policy, and that clause, in almost exact words, was before this court for construction in the case of *Missouri State Life Insurance Co.* v. *Snow*, 185 Ark. 335, 47 S. W. 2d 600. This court said in that case that: "There can be no question that Snow is partially disabled, that he has a stiff hip which seriously impairs its usefulness, that he cannot stand or walk as he once could, but it does not follow from this that his disability is covered by the policies. The total and permanent disability therein defined 'must be such as to prevent the insured from engaging in any gainful occupation.' This is the hazard insured against under this clause and against no other, except that certain injuries specified 'shall be considered total and permanent disability within the meaning of this provision,' none of which were suffered by appellee. . . . By his own testimony appellee is shown to be performing

the material and substantial duties of a gainful occupation.''

The instant case is on all fours with the Snow case as far as the facts are concerned and as far as the disability clause in the policy is concerned, and we think is clearly ruled by the construction given the disability clause in that case.

The trial court should have given the peremptory instruction requested by appellant in its favor at the conclusion of the testimony.

On account of the error indicated, the judgment is reversed, and the cause is dismissed.